IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KWAN WO IRONWORKS INC.,<br><br>Defendant. | Case No. 21-cv-06661-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
|---|---|

Before the Court is defendant Kwan Wo Ironworks, Inc.'s ("Kwan Wo") Motion, filed February 16, 2022, for Judgment on the Pleadings. Plaintiff Zurich American Insurance Company ("Zurich") has filed opposition, to which Kwan Wo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

### BACKGROUND[2]

Between April 2013 and April 2015, Zurich provided insurance to Kwan Wo under a commercial package insurance policy, a general liability insurance policy, and two workers' compensation insurance policies. (See FAC ¶¶ 8-10.) Under the terms thereof, "the initial premium charged for each policy [was] an estimate, subject to an audit" to be conducted "after the conclusion of the applicable policy period"; if the audit showed that "the actual exposure exceed[ed] the estimated exposure used to calculate the initial

---

[1] By order filed March 21, 2022, the Court took the matter under submission.

[2] The following facts are taken from the allegations in the operative complaint, the First Amended Complaint ("FAC").

premium, then an additional premium [was] owed to [Zurich]." (See FAC ¶¶ 12-13.)[3]

On April 28, 2015, April 29, 2015, and May 11, 2015, Zurich performed audits pursuant to the above-referenced terms and determined that Kwan Wo owed additional premiums for each of the polices. (See FAC ¶ 14-17.) On August 10, 2016, and October 5, 2016, respectively, Kwan Wo made partial payments toward those premiums. (See FAC ¶¶ 18-19.) On September 30, 2020, Zurich "issued to [Kwan Wo] a Statement of Account and demand for payment" of the outstanding amount owed (see FAC ¶ 20), and, on August 10, 2021, "having received no payment in response to the September 30, 2020 demand, and having recalculated the amount due, [Zurich] issued . . . a [second] Statement of Account and demand for payment" (see FAC ¶ 21). Zurich alleges that, to date, Kwan Wo has not paid the full additional premium owed. (See FAC ¶ 23.)

On August 27, 2021, Zurich filed an initial complaint and, subsequently that same date, filed an amended complaint, in each instance asserting, based on the above allegations, a single cause of action against Kwan Wo for "Breach of Contract."

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed, but within such time so as not to delay trial. See Fed. R. Civ. P. 12(c). The standard applied to decide a Rule 12(c) motion is the same as the standard used in a Rule 12(b) motion to dismiss for failure to state a claim. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "[J]udgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993). The court may not, however, "go[] beyond the pleadings to resolve an issue." See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). "For purposes of [such] motion, the allegations

---

[3] Although both parties make reference to the policies, neither party provides a copy thereof or even purports to quote therefrom.

of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Id.  The court need not automatically accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

**DISCUSSION**

In the instant motion, Kwan Wo contends it is entitled to judgment on the pleadings on the ground that Zurich's breach-of-contract cause of action is time-barred by the applicable statute of limitations.

A plaintiff "ordinarily need not plead on the subject of an anticipated affirmative defense."  See Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013) (internal quotation and citation omitted).  Where "the running of the statute [of limitations] is apparent on the face of the complaint," however, the complaint may properly be dismissed on a motion for judgment on the pleadings.  See Bakalian v. Cent. Bank of Republic of Turkey, 932 F.3d 1229, 1233 (9th Cir. 2019).

Here, as an initial matter, the parties disagree as to whether Zurich's claim is governed by California or Illinois law.  Kwan Wo contends the insurance policies at issue are subject to California's four-year statute of limitations, see Cal. Code Civ. P. § 337, whereas Zurich contends Illinois's ten-year statute of limitations applies, see Ill. Comp. Stat. 5/13-206.

Even assuming, arguendo, California's four-year statute of limitations applies, the Court finds, as set forth below, the running of the statute of limitations is not apparent on the face of the FAC.

"It is a fundamental principle in determining when the statute of limitations commences to run, that it runs from the time a cause of action accrues."  Barlow v. City Council of Inglewood, 32 Cal. 2d 688, 694 (1948) (internal quotation and citation omitted). "A cause of action for breach of contract [generally] accrues at the time of the breach," see Cochran v. Cochran, 56 Cal. App. 4th 1115, 1120 (1997), or "when the plaintiff

discovers, or could have discovered through reasonable diligence, the injury and its cause," see Angeles Chem. Co. v. Spencer & Jones, 44 Cal. App. 4th 112, 119 (1996). Where a contract is executory, however, the statute of limitations "generally does not begin to run until the time for full performance has arrived." State Comp. Ins. Fund v. WallDesign, Inc., 199 Cal. App. 4th 1525, 1529-30 (2011). An executory contract is one in which "some act remains to be done, while an executed contract" is one in which "everything is completed at the time of the agreement without any outstanding promise calling for fulfillment by the further act of either party." See City of Gault v. Cohen, 12 Cal. App. 5th 367, 381-82 (2017) (internal quotation and citation omitted); see also Cal. Civ. Code § 1661 (providing "[a]n executed contract is one, the object of which is fully performed," and "[a]ll others are executory").

      The Court agrees with Zurich that the above-referenced insurance policies were executory contracts, for the reason that they "require[d] post-policy audits to true-up the estimated exposures with the actual exposures to determine the final premium" (see Opp. at 8:5-6), and, consequently, "could not be fully performed by either party until after their expiration," see WallDesign, 199 Cal. App. 4th at 1529-30.[4] Although Kwan Wo contends "the Ninth Circuit has previously ruled that Zurich's retrospective premium insurance policies are not 'executory'" (see Reply at 4:6-13), the case on which Kwan Wo relies is distinguishable, see In re Int'l Fibercom, Inc., 503 F.3d 933, 942 (9th Cir. 2007) (finding Zurich's insurance policies not executory under § 365 of Bankruptcy Code; noting contract is "executory" for purposes of § 365 "only if one party's failure to perform its obligation would excuse the other party's performance"); see also In re Norquist, 43 B.R. 224, 225 (E.D. Wash. 1984) (noting "consensus of opinion" that common law definition of

---

[4] Zurich contends the policies are executory for the additional reason that the parties "still have rights and obligations" thereunder, specifically, because "[t]he statute of limitations for Kwan Wo's construction work for latent defects . . . is ten years," and because "Zurich is still handling workers compensation claims under the workers['] compensation policies." (See Opp. at 8:6-14.) Such additional facts are not, however, alleged in the FAC, and, consequently, are not further addressed herein.

"executory" is "too broad [for] . . . bankruptcy setting").

Kwan Wo, citing WallDesign, next argues that, even if the policies are deemed executory, the statute of limitations necessarily began to run "when Zurich presented the final bill to Kwan Wo." (See Reply at 5:1-2.) In WallDesign, the insured company, by missing a monthly premium payment, had already breached the insurance contract prior to the end of the policy period, and the issue presented was whether the statute of limitations on the insurance company's claim to recover the final post-audit premium began running at the time of that earlier breach, or whether the insurance company "had the right to wait until the time for final performance under the policies" had arrived, which the insurance company had argued was the date the final bill was sent. See 199 Cal. App. 4th at 1527, 1529-30.

Here, by contrast, there is no allegation as to the time for final performance under the policies, nor is there any allegation that Zurich sent a bill or otherwise demanded payment from Kwan Wo prior to September 30, 2020, and although Kwan Wo contends a bill must have been sent prior to August 16, 2016, the date on which it made the first of two payments (see Reply at 5:3-4), the Court is not prepared to make that finding based on the allegations in the FAC.[5]

Accordingly, even assuming California's four-year statute of limitations applies, it is not apparent, from the face of the FAC, that Zurich's breach-of-contract cause of action is untimely.[6]

//
//
//
//

---

[5] For example, Kwan Wo, prior to receiving a bill, could have learned the results of the audit and, for various reasons, decided to make a payment in a lesser amount.

[6] In light of this finding, the Court does not address herein the issue of whether the insurance policies are governed by California or Illinois law.

## CONCLUSION

For the reasons stated above, Kwan Wo's motion for judgment on the pleadings is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 22, 2022

MAXINE M. CHESNEY
United States District Judge